CARY B. COLAIANNI
BOISE CITY ATTORNEY

Scott B. Muir, ISBN 4229
Assistant City Attorney
J. Patrick Riceci, ISBN 1886
Assistant City Attorney
BOISE CITY ATTORNEY'S OFFICE
150 N. Capitol Blvd.
P.O. Box 500
Boise, ID 83701-0500
Telephone: (208)384-3870
Facsimile: (208)384-4454
Email: BoiseCityAttorney@cityofboise.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., MARLENE K. SMITH, GREG A. LUTHER, and JAY D. BANTA,<br><br>                  Plaintiffs,<br><br>   v.<br><br>CITY OF BOISE, IDAHO, DAVID H. BIETER, Mayor; BOISE CITY COUNCIL; MARYANN JORDAN, ELAINE CLEGG, VERNON BISTERFELDT, DAVID EBERLE, JEROME MAPP, and ALAN SHEALY, Boise City Council Members; BRUCE CHATTERTON, Director, Planning and Development Services; JIM BIRDSALL, Manager, Housing and Community Development,<br><br>                  Defendants. | Case No. CIV 05-283-S-BLW<br><br>**ANSWER TO AMENDED VERIFIED COMPLAINT** |

ANSWER TO AMENDED VERIFIED COMPLAINT - 1

COME NOW, Defendants, by and through their attorney of record, Scott B. Muir, and in answer to Plaintiffs' Complaint, admit, deny, and allege as follows:

FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against said Defendants upon which relief can be granted and should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

SECOND DEFENSE

Said Defendants deny each and every allegation of Plaintiffs' Complaint not herein specifically and expressly admitted.

THIRD DEFENSE

I.

Answering paragraph 16 of Plaintiffs' Complaint, said Defendants admit that Mayor David H. Bieter, Maryanne Jordan, Elaine Clegg, Vernon Bisterfeldt, David Eberle, Jerome Mapp, and Alan Shealy are duly elected city officials with duties and responsibilities as set forth in Idaho law.

II.

Answering paragraph 17 of Plaintiffs' Complaint, said Defendants admit that Bruce Chatterton is an employee of the City of Boise City and the Director of the Planning and Development Services Department.

ANSWER TO AMENDED VERIFIED COMPLAINT - 2

III.

Answering paragraph 18 of Plaintiffs' Complaint, said Defendants admit that Jim Birdsall is an employee of the City of Boise City and the Manager of the Planning and Development Services, Housing and Community Development Division.

IV.

Answering paragraph 19 of Plaintiffs' Complaint, a response is not required of said Defendants.

V.

Answering paragraphs 1, 3, 5-6, 10-13, 21-35, 38-39, 41-49, 51-53, 58-68, 74-83, 92-93, 95-96, 129-137, 139, 142, 148-149, 158-159, and 171-172 of Plaintiffs' Complaint, said Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same.

VI.

Answering paragraph 7 of Plaintiffs' Complaint, there is 28 U.S.C. § 1331(3) and (4) and therefore Defendants deny that allegation. Defendants admit that this Court has original jurisdiction under 28 U.S.C. § 1343 of any civil action to redress the deprivation, under color of any state law, of any right secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens of the United States.

VII.

Answering paragraphs 8, 14-15, 20, 70, 72, and 85-87 of Plaintiffs' Complaint, Defendants admit same.

ANSWER TO AMENDED VERIFIED COMPLAINT - 3

VIII.

Answering paragraphs 2, 4, 9, 40, 50, 54-57, 73, 88-91, 94, 97-110, 112-118, 120, 122-123, 125-127, 138, 140, 143-144, 146-147, 150, 152-156, 160-161, 163-169, and 174-180 of Plaintiffs' Complaint, said Defendants deny the allegations contained therein.

IX.

Answering paragraphs 36 and 37 of Plaintiffs' Complaint, Defendants admit that the City of Boise and Community House, Inc. signed a lease in 1994.  The Lease speaks for itself, and therefore, Defendants deny the remaining allegations.

X.

Answering paragraph 69 of Plaintiffs' Complaint, said Defendants admit a special meeting of the Board of Directors of Community House, Inc. was held on February 19, 2004.  Defendants deny the remaining allegations contained in paragraph 69 of Plaintiffs' Complaint.

XI.

Answering paragraph 71 of Plaintiffs' Complaint, said Defendants admit the Board of Directors of Community House, Inc. accepted the Defendants' short term plan to assume management of Community House.  Defendants deny the remaining allegations contained in paragraph 71 of Plaintiffs' Complaint.

XII.

Answering paragraph 84 of Plaintiffs' Complaint, said Defendants admit that the City declared its intent to sell Community House to the highest bidder on July 15, 2005.  Defendants deny the remaining allegations contained in paragraph 84 of Plaintiffs' Complaint.

XIII.

Answering paragraphs 111, 119, 121, 124, 128, 141, 145, 151, 157, 162, 170, and 173 of Plaintiffs' Complaint, which re-allege and incorporate prior allegations, Defendants reassert their previous answers herein.

AFFIRMATIVE DEFENSES

1.  Defendants have not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the Plaintiffs' Complaint and therefore request the Court to permit Defendants to amend their Answer and assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

2.  As and for an affirmative defense, said Defendants allege that, insofar as Plaintiffs' Complaint sets forth claims based upon state law, said state law claims are either barred or limited by Idaho Tort Claims Act and/or Idaho Code § 50-219.

3.  As and for an affirmative defense, said Defendants allege that their acts or omissions, if any, were undertaken in good faith, without malice, with probable cause, and were justified and responsible under the circumstances.

4.  As and for an affirmative defense, said Defendants allege that their acts or omissions, if any, were privileged.

5.  As and for an affirmative defense, said Defendants allege that they are absolutely immune from suit for their acts or omissions, if any pursant to Idaho Code § 6-904.

6. As and for an affirmative defense, said Defendants allege that their acts or omissions, if any, which are not entitled to absolute immunity, are entitled to qualified good faith immunity from suit.

7. As and for an affirmative defense, said Defendants allege that, to the extent Plaintiffs' Complaint alleges violations of the Idaho Constitution, Idaho statutes, or other Idaho law, such claims cannot form the basis of a cause of action under 42 U.S.C. § 1983.

8. As and for an affirmative defense, said Defendants allege that at no time did there exist an agreement, mutual understanding, or meeting of the minds to deprive Plaintiffs of any civil rights.

9. As and for an affirmative defense, said Defendants allege that the acts or omissions of said Defendants, if any, do not rise to a level of deprivation of constitutionally protected rights.

10. As and for an affirmative defense, said Defendants allege that the damages alleged by Plaintiffs were proximately caused, if at all, by acts or omissions of persons or entities other than said Defendants.

11. As and for an affirmative defense, said Defendants allege that Plaintiffs failed to take reasonable action to mitigate their damages, if any.

12. As and for an affirmative defense, said Defendants allege that acts or omissions of said Defendants, if any, were not the proximate cause nor the cause in fact of the alleged injuries or damages claimed by Plaintiffs, if any.

13.     As and for an affirmative defense, some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

14.     As and for an affirmative defense, Plaintiffs have failed to join one or more parties that are indispensable to this proceeding.

15.     As and for an affirmative defense, Defendants are immune from liability for punitive damages, if any, by state and federal law and/or court rulings.

## ATTORNEY FEES

As a direct result of the filing of this action, said Defendants have been forced to retain the services of attorneys, and have and will continue to incur fees and costs in defense thereof and request that they be granted reasonable attorney fees pursuant to Idaho Code § 12-121, 42 U.S.C. 1988, and/or 28 U.S.C. 1927, and all applicable Idaho or Federal law, or rules of civil procedure.

WHEREFORE, said Defendants pray for judgment as follows:

A.      That Plaintiffs take nothing by way of their Complaint and that the Complaint be dismissed;

B.      That judgment be entered in favor of the Defendants on all claims;

C.      That the Court award said Defendants their attorney fees and costs incurred in defense of this action; and

D. That the Court grant such other and further relief as it deems just in the premises.

**JURY TRIAL IS DEMANDED.**

DATED this ___8th___ day of September, 2005.


                ___/s/ Scott B. Muir___
                SCOTT B. MUIR
                Assistant City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the ___8th___ day of September, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Howard A. Belodoff
Zoe Ann Olson
James A. Cook
IDAHO LEGAL AID SERVICES, INC.
310 N. 5th Street
P.O. Box 913
Boise, ID 83701
*Attorneys for Plaintiffs*


                ___/s/ Scott B. Muir___
                SCOTT B. MUIR
                Assistant City Attorney