IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., MARLENE K. SMITH, GREG A. LUTHER, and JAY D. BANTA,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF BOISE, IDAHO, DAVID H. BIETER, Mayor; BOISE CITY COUNCIL; MARYANN JORDAN, ELAINE CLEGG, VERNON BISTERFELDT, DAVID EBERLE, JEROME MAPP, and ALAN SHEALY, Boise City Council Members; BRUCE CHATTERTON, Director, Planning and Development Services; JIM BIRDSALL, Manager, Housing and Community Development,<br><br>    Defendants. | Case No. CV-05-283-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiffs' motion for temporary and/or preliminary injunction. The Court heard oral argument on February 8, 2007, and took the motion under advisement. For the reasons discussed below, the Court will deny the motion.

**Memorandum Decision and Order – Page 1**

## FACTUAL BACKGROUND

The Court will not repeat all the facts in this case. In *Community House, Inc. v. City of Boise*, 468 F.3d 1118 (9th Cir. 2006), the Circuit reversed a decision of this Court, and held that plaintiffs had raised serious questions about the City's justification for its men-only policy at Community House. *Id.* at 1126-27. Specifically, the Circuit found questions of fact over (1) whether the City's men-only policy was justified by safety concerns, and (2) whether the BRM[1] would convert another shelter to a facility for women and families. *Id.* at 1126-27. In addition, the Circuit held that the Court's injunction banning any requirement that residents attend religious services should have been broadened to ban all religious services, required or not. *Id.* at 1134. The City has filed a motion for reconsideration and rehearing en banc.

On January 9, 2007, the BRM notified the City that it was exercising its option to purchase the Community House (now called the River of Life Shelter) pursuant to its option to purchase contained in its lease with the City. Plaintiffs seek to enjoin the sale at least until the Circuit rules on a petition for reconsideration. Plaintiffs seek to maintain the status quo because "the sale

---

[1] The Court will refer to the Boise Rescue Mission and the BRM Foundation Inc. by the acronym "BRM."

**Memorandum Decision and Order – Page 2**

prejudices the plaintiffs and complicates the issues that the Court may have to address after remand." *See Plaintiffs' Brief* at p. 8.

## ANALYSIS

### 1. Legal Standard

A moving party is entitled to a preliminary injunction if it demonstrates that it is likely to succeed on the merits and may suffer irreparable injury, or that serious questions exist on the merits and the balance of hardships tips in its favor. *See Self-Realization Fellowship Church v. Ananda*, 59 F.3d 902, 913 (9th Cir. 1995). The two tests are not separate but represent a sliding scale in which the required probability of success on the merits decreases as the degree of harm increases. *Id.* "Under any formulation of the test, the plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Publishing Co.,* 762 F.2d 1374, 1376 (9th Cir.1985).

### 2. Application of Legal Standard

This Court has jurisdiction to issue an injunction despite the pending appeal. *See Fed.R.Civ.P. 62(c)*. This Court retains jurisdiction during the pendency of an appeal to act to preserve the status quo. *See Natural Resources Defense Council Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of

**Memorandum Decision and Order – Page 3**

the case." *Id.* (quotations omitted). This Court should not enlarge or alter an injunction already issued and on appeal such that the Court's decision would "materially alter the status of the case on appeal." *Id.; see also*, *Mayweathers v. Newland*, 258 F.3d 930 (9th Cir. 2001).

The plaintiffs stand this authority on its head by arguing that a *denial* of their motion will materially alter the status of the appeal (by rendering it moot). Neither the Circuit nor this Court has ever addressed the City's right to sell the property outright to BRM. Thus, this Court's denial of the injunction would not result in the Circuit being compelled to revisit the issues it just resolved in its *Community House* decision, because those issues are entirely different than the issues now before this Court.

It is true that the sale could moot the appeal. Plaintiffs argue that this would allow the City to circumvent the Circuit's intent that prior residents be reinstated. *Community House*, 468 F.3d at 1135. However, a case can become moot on appeal through the unilateral act of an appellee. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 23 (1994). Thus, the mere fact that the sale might moot the appeal is not enough to block the sale. The presence of additional factors, however, may justify an injunction.

For example, an injunction would be justified if this sale was a ploy

**Memorandum Decision and Order – Page 4**

designed to create mootness, end the litigation, and allow the City to jump back into the homeless shelter business. *See generally City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (court refused to moot case by city's passage of law because it could be easily reenacted as soon as the litigation went away). But the record contains no indication whatsoever that this is the case.

Likewise, if the sale unfairly prejudiced the plaintiffs' claims, it could be blocked. *See Lemon v. Kurtzman*, 348 F.Supp. 300 (D.C.Pa. 1972) (court issued injunction to prevent mootness that would have denied plaintiffs' right to appeal). Yet here, the Court has indicated that it will allow plaintiffs to amend their complaint and pursue all claims that arise from the sale.

The plaintiffs have not cited any authority that the sale must be blocked merely because it may moot the appeal. Plaintiffs do argue, however, that the sale would deprive them of an effective remedy for their equitable ownership claim. The record shows otherwise. First, the terms of the sale to the BRM require it to operate a homeless shelter with 66 beds and a soup kitchen for at least 10 years. *See Chatterton Affidavit* at ¶ 13. Thus, BRM could not purchase the property and immediately resell it to a condo developer. Whatever changes the BRM makes to the property would be constrained by these restrictions over the next decade.

If plaintiffs ultimately prevail on their claim for equitable ownership, they

**Memorandum Decision and Order – Page 5**

can be compensated in money either for their ownership interest or for the costs to restore the property to what they should have had.  Thus, there appears to be no chance of plaintiffs suffering irreparable harm by being deprived of an effective remedy for their equitable ownership claim.

Plaintiffs also claim that the BRM purchase price is below the market value, and that the transaction was not an arms-length deal.  The Court will allow plaintiffs to amend their complaint to make these allegations.  Given this, the plaintiffs have not explained how they would suffer irreparable damage if the sale goes through.[2]  Even with the sale having been completed, plaintiffs retain their claims and their rights to any remedy available for those claims.

Plaintiffs cite *Rodde v. Bonta*, 357 F.3d 988 (9th Cir. 2004) in support of their injunction claim.  There, a county hospital faced closure due to budget cuts by the county.  The County had earlier consolidated all services for the disabled at this hospital, so its closure would prevent these disabled patients from getting replacement services anywhere else in the county.  *Id*. at 997.

Those disabled patients, the plaintiffs in *Rodde,* claimed that the closure violated the Americans with Disabilities Act because it focused exclusively on the

---

[2] Indeed, if the plaintiffs had filed a motion to amend their complaint by alleging  that the sale itself violated their rights, and requested, in conjunction with that motion, an injunction against the sale until those allegations could be resolved, the Court would face a much different, and far more compelling, argument for the issuance of injunctive relief.

**Memorandum Decision and Order – Page 6**

disabled.  The county cited *Alexander v. Choate*, 469 U.S. 287 (1985) to support the closure.  The Circuit rejected that argument, interpreting *Alexander* to allow across-the-board cuts in health care – applied equally to all patients – but not to allow the entire elimination of services to the disabled only.  *Id*. at 997.

The present case is closer to *Alexander* than *Rodde*.  Here, the City is getting out of the homeless shelter business altogether rather than selectively denying services to any certain group.  Plaintiffs do not cite any authority requiring the City to provide homeless shelters.  Thus, the City's decision to withdraw entirely cannot be enjoined.

For all these reasons, the Court will deny the plaintiffs' motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for temporary and/or preliminary injunction (Docket No. 124) is DENIED.

DATED:  **February 21, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 7**