Cary B. Colaianni
Boise City Attorney
Scott B. Muir, ISBN 4229
Assistant City Attorney
J. Patrick Riceci, ISBN 1886
Assistant City Attorney
BOISE CITY ATTORNEY'S OFFICE
150 N. Capitol Blvd.
P.O. Box 500
Boise, Idaho  83701-0500
Telephone:  (208) 384-3870
Facsimile:  BoiseCityAttorney@cityofboise.org

Robert A. Anderson, ISB #2124
Phillip J. Collaer, ISB #3447
Mark D. Sebastian, ISB #6012
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:  (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:   randerson@ajhlaw.com
          pcollaer@ajhlaw.com

Attorneys for Defendant City of Boise

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., MARLENE K. SMITH, GREG A. LUTHER, MAY D. BANTA,<br><br>                Plaintiffs,<br><br>vs.<br><br>CITY OF BOISE, IDAHO, DAVID H. BIETER, Mayor, BOISE CITY COUNCIL; MARYANN JORDAN, ELAINE CLEGG, VERNON BISTERFELDT, DAVID EBERLE, JEROME MAPP, and ALAN | Case No. CIV 05-283-S-BLW<br><br>**REPLY BRIEF RE: DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND IN SUPPORT OF MOTION TO DISMISS STATE LAW CLAIMS IN AMENDED COMPLAINT (Docket** |

| | |
|---|---|
| SHEALY, Boise City Council Members; BRUCE CHATTERTON, Director, Planning and Development Services, JIM BIRDSALL, Manager, Housing and Community Development,<br><br>Defendant(s). | No. 181-2) |

COMES NOW, the Defendants in the above-entitled action, and hereby submit this reply brief in support of Defendants' motion to strike Plaintiffs' *Sur Response To Defendants' Memorandum In Opposition To Plaintiff's* [sic] *Motion To File Second Amended Complaint And In Support Of Motion To Dismiss State Law Claims In Amended Complaint* (Docket No. 181-2) (hereinafter, "*Sur Response*") and in reply to Plaintiff's response (Docket No. 184) [1] (hereinafter, "*Response to Motion Strike*").

Because Plaintiffs' *Response to Motion to Strike* (Docket No. 184) provides no legal or factual justification for filing additional briefing following oral argument, the Court should grant Defendants' motion. As noted earlier, because Plaintiffs' *Sur Response* will remain a part of the record, potentially to be used in an appeal, it is not enough for the Court to ignore the document, but the Court should order that the document be stricken.

## I. ARGUMENT

**A.     PLAINTIFFS' SUR-REPLY WAS IMPROPER.**

---

[1] That is, Plaintiffs' *Response to Defendants' Motion to Strike Plaintiffs' Sur Response to Defendants' Memorandum in Opposition to Plaintiffs' Motion to File Second Amended Complaint and in Support of Motion to Dismiss State Law Claims in Amended Complaint.*

Plaintiffs' argument is as follows: Because Defendants allegedly raised additional arguments in a reply brief (Docket No. 177), Plaintiffs were entitled to file a sur response to address those arguments.

Certainly there are circumstances where Courts have permitted an additional responsive brief to address new argument or evidence that are first asserted in a reply brief. **See, e.g., Coleman v. Blue Cross Blue Shield of Kan.,** 487 F. Supp. 2d 1225, 1234 n. 17 (D. Kan. 2007) (noting that a sur-reply may be permitted to be filed in the rare case when a movant improperly raises new arguments in a reply); **Baugh v. City of Milwaukee,** 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), *aff'd*, 41 F.3d 1510 (7th Cir. 1994) ("Where new evidence is presented in either a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion ... or else strike that new evidence."). Even if Defendants had submitted new argument, however, Plaintiffs acted improperly because (i) Plaintiff had the opportunity to respond to any new arguments at the May 27, 2008 hearing; and (ii) because Plaintiff failed to make the appropriate motion.

As the Court is aware, Defendants' reply brief, allegedly containing the new argument, was lodged with the Court on February 29, 2008. Approximately three (3) months later, on May 27, 2008, the Court entertained oral argument. Thus, Plaintiffs had 3 months in which to analyze any new argument advanced by

Defendants, and either move to file a sur-reponse or prepare a response prior to the hearing.

Plaintiffs also should have moved the Court for permission to file a sur-response. **See McDonald v. Schencker,** 18 F.3d 491, 496 (7th Cir. 1994) ("[A] sur-reply brief may be overkill and possibly a wasted effort since filing requires leave of the court."); **Miami Valley Contractors, Inc. v. Town of Sunman,** 960 F. Supp. 1366, 1370-71 (S.D. Ind. 1997) (holding that even though the local rules made no mention of sur-reply or sur-response briefs, leave of the court was nevertheless required to file surrebuttal materials) (citing cases). **See also Hartley v. Wisconsin Bell,** 930 F. Supp. 349, 352-53 (E.D. Wis. 1996) (holding that because local rules only provided for filing of a supporting brief and affidavits, answering brief and affidavits, and reply brief, filing of a surrebuttal affidavit with the reply brief without leave of the court violated the local rules).

The issue is similar to that of the moving party filing late affidavits under Fed. R. Civ. P. 6. To file a late affidavit, a party must first obtain the Court's approval. **See Lujan v. Nat'l Wildlife Fed'n,** 497 U.S. 871, 894-897 (1990) (holding that court of appeals erred in considering late affidavits stricken by district court because the party submitting the affidavits had not obtained the permission of the court before filing the affidavits); **Orsi v. Kirkwood,** 999 F.2d 86, 91-92 (4th Cir. 1993) (holding that district correctly struck late affidavit where "plaintiffs offered no excuse for their delay; [but] they simply sprung the documents on the

defendants and the court without warning on the hearing date."). In explaining the application of Rule 6 to late affidavits, the Supreme Court has explained:

> This provision not only specifically confers the "discretion" relevant to the present issue, but also provides the mechanism by which that discretion is to be invoked and exercised. First, any extension of a time limitation must be "for cause shown." Second, although extensions before expiration of the time period may be "with or without motion or notice," any *post* deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." Thus, in order to receive the affidavits here, the District Court would have had to regard the very filing of the late document as the "motion made" to file it; it would have had to interpret "cause shown" to mean merely "cause," since respondent made no "showing" of cause at all; and finally, it would have had to find as a substantive matter that there was indeed "cause" for the late filing, and that the failure to file on time "was the result of excusable neglect."

*Lujan,* 497 U.S. 871, 895-897 (italics in original; footnote omitted). In *Coleman v. Blue Cross Blue Shield of Kan.,* 487 F. Supp. 2d 1225, 1234 (D. Kan. 2007), the district court held that a late motion to file a sur-response likewise required a showing of excusable neglect.

This situation is similar to that in *Lujan*. Plaintiffs filed the sur-reponse over a week following the oral argument without first moving the Court for permission.[2] While cause for filing a sur-response is alleged to be the new argument raised in the reply brief, cause for a late filing has never been shown. Accordingly, the Court should strike Plaintiffs' sur-response.

---

[2] Following Defendants' motion to strike, Plaintiffs made a belated motion to file a sur-response. *See Plaintiffs' Amended Motion to File Sur Response to Defendants' Reply to Motion to Dismiss* (Docket No. 185, filed June 19, 2008).

**REPLY BRIEF RE: DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSITION ... (Docket No. 181-2) - 5**

Moreover, irrespective of whether cause was shown, Plaintiffs must still show excusable neglect. The Ninth Circuit has recognized that "[t]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and it potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." ***Bateman v. United States Postal Serv.,*** 231 F.3d 1220, 1223-24 (9th Cir. 2000). Nevertheless, "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." ***Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,*** 507 U.S. 380, 392 (1993). The prejudice in this case is a further delay and disruption of these proceedings, as well as introducing yet more argument in a situation where Defendants do not have an opportunity to discuss the issues face-to-face with the Court in an oral argument setting. The length of the delay—i.e., the time between when the reply brief was served on Plaintiffs to the time the sur-response was filed—was over three months. No reason has been given for the delay. Defendants would assert that given Plaintiffs' prior history of late and untimely filings, and the fact that Plaintiffs had more than ample time to make a motion to file a sur-response, or simply present their argument at oral argument, Plaintiffs *ipso facto* did not act in good faith in filing a late sur-response. Accordingly, there is no showing of excusable neglect, and the Court should strike Plaintiffs' sur-response. ***See Clinkscales v. Chevron U.S.A., Inc.,*** 831 F.2d 1565, 1568 (11th Cir. 1987) ("We need not decide whether new evidence appended to a

movant's reply brief might necessitate granting the non-movant leave to file a surrebuttal brief or supplemental affidavits because, even if appellee's reply brief and affidavit did present new evidence, Clinkscales has failed to demonstrate any adequate excuse for delaying six months after Chevron's reply brief was filed to seek leave to file the surrebuttal brief and supplemental affidavit.") (footnotes omitted).

**B.     THERE WAS NO NEW EVIDENCE OR ARGUMENT.**

Plaintiff has conceded that in order to eligible for filing a sur-response, there must have been new argument in the reply brief. However, in order to give rise to a right to file a sur-response, the "new argument" must be a truly novel argument, and not merely argument responding to the issues. *See Davidson & Schaaff, Inc. v. Liberty Nat'l Fire Ins. Co.,* 69 F.3d 868, 871 (8th Cir. 1995) (upholding district court's denial of motion to file sur-response where there was no new argument); *Bough, supra,* 823 F. Supp. at 1457 (finding no new information provided in reply affidavit). *Compare Webb v. Astrue,* 525 F. Supp. 2d 1329, 1334 (N.D. Ga. 2007) (granting motion to file a sur-reply where the Plaintiff submitted new documentary evidence and argument in a reply brief). "[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers—both briefs and affidavits—may properly address those issues." *Bough, supra,* 823 F. Supp. at 1457. Thus, in *Bough*, the court held that the defendant's reply brief and supplemental affidavits did not introduce new evidence where the

affidavits merely set forth additional pages of a deposition proffered by the plaintiffs, recalculated previously submitted data, or responded to a theory plaintiffs set forth in their opposition brief.

Plaintiffs argue that Defendants' argument, based on I.C. §§ 6-909 and -910, that required Plaintiffs to wait until a claim had been filed with the City before bringing suit was a new argument first raised in the Defendants' reply brief. **Response to Motion to Strike**, p. 7. **See also Plaintiffs' Amended Motion to File Sur Response** (Docket No. 185), p. 2 (moving to file sur response to Defendant's reply brief—Docket No. 177).

Plaintiffs' argument is baseless. In *Defendant's* [sic] *Memorandum in Opposition to Plaintiffs' Motion to File Second Amended Complaint and in Support of Motion to Dismiss State Law Claims in Amended Complaint*, Defendants argued that the Plaintiffs had failed to comply with "the Notice of Claim requirements set forth in the municipal code [i.e., I.C. §50-219] and the Idaho Tort Claims Act." *Id.* at 5. Defendants noted that per section 50-219, Plaintiffs were required to comply with all notice provisions of the Tort Claims Act as to all claims, including contract claims and equitable claims. *Id.* Defendants further pointed out that claims must be filed within 180 days, and that compliance with the act was "a mandatory condition precedent to bringing suit." *Id.* at 6 (citing cases). Defendants argued that Plaintiffs had failed to bring a timely claim. *Id.*

In their response, Plaintiffs argued that they had given proper notice through the copies of the Complaint served on the City—i.e., that it could combine the

notice of a claim with the suit on that claim in a single document and filing. Defendants responded to this argument in ***Defendants' Reply to Plaintiffs' Response to Motion to Dismiss*** (Docket No. 173) by again noting that, per I.C. § 50-219, all claims against a city must comply with the requirements of the Idaho Tort Claims Act (ITCA), and one of the requirements was that a governmental entity had 90-days to respond to a claim or it was deemed denied; and that suit could only be filed after a claim was denied. ***Id.*** at 3 (citing I.C. §§ 6-909 and -910). Defendants then quoted in further detail many of the same cases that had been cited in its initial briefing. ***See Id.*** at 4. In other words, Defendants' reply merely reiterated the initial argument that the Plaintiffs' had failed to comply with the requirements of the ITCA, that compliance was a condition precedent to bringing suit, and pointed to the specific provisions of the ITCA. Thus, it was not new argument; Defendants were merely expounding on their initial argument in order to respond to Plaintiffs' argument that notice of a claim and suit over the claim could be combined in one document.

Plaintiff also contends that Defendants' made additional argument in opposition to Plaintiffs' Motion to File a Second Amended Complaint. ***Response to Motion to Strike***, p. 7. Plaintiffs do not address what these additional arguments were. However, Defendants' motion had to do with striking certain claims raised by Plaintiffs. All the arguments raised in the Defendants reply brief pertain to the striking of claims. In other words, while there may be overlap between the arguments pertinent to the opposition to the Second Amended Complaint and the

motion to strike certain claims (which is why Defendants had combined the arguments initially), the actual arguments in the reply brief only have to do with striking claims. Thus, the reply brief does not constitute improper sur-rebuttal by Defendants.

## II. CONCLUSION

In conclusion, before filing a sur-response brief, Plaintiffs were required to obtain leave of the Court, which they failed to do. Although Plaintiffs had months in which to move the Court for leave to file a sur-response brief, or to prepare oral argument to address the allegedly new issues, Plaintiffs waited until after the hearing to file its sur-response. Plaintiffs have not shown excusable neglect for the late filing.

In addition, there are no grounds for Plaintiffs filing a sur-response brief because there was no new argument presented in Defendants reply brief. Defendants had previously argued that Plaintiffs had failed to comply with the ITCA by not filing notice. Plaintiffs argued that their complaint was notice. Defendants, in reply, pointed out the specific provisions of the ITCA (i.e., I.C. § 6-909 and -910) showing why complaints do not comply with the notice requirement. Thus, this was not new argument—it was merely the logical conclusion of the prior argument and response. In addition, there was no argument presented in Defendants' reply brief that was improper sur-rebuttal.

For these reasons, the Court should strike the Plaintiffs' sur-response.

Dated this \_\_7th\_\_ day of July, 2008.

                                                  ANDERSON, JULIAN & HULL LLP

                                          By _____
                                                 Phillip J. Collaer, Of the Firm
                                                 Attorneys for Defendants

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this ___7th___ day of July, 2008, I served a true and correct copy of the foregoing **REPLY BRIEF RE: DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND IN SUPPORT OF MOTION TO DISMISS STATE LAW CLAIMS IN AMENDED COMPLAINT (Docket No. 181-2)** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Howard A. Belodoff<br>Zoe Ann Olson<br>James C. Cook<br>IDAHO LEGAL AID SERVICES, INC.<br>310 N. 5th Street<br>P.O. Box 913<br>Boise, Idaho  83701<br>Telephone:  (208) 336-8980, ext. 106<br>*Attorneys for Plaintiffs* | [ ]  U.S. Mail, postage prepaid<br>[ ]  Hand-Delivered<br>[ ]  Overnight Mail<br>[ ]  Facsimile<br>[X]  Electronic Delivery |
| Cary B. Colaianni<br>Scott Muir<br>CITY ATTORNEY'S OFFICE<br>P.O. Box 500<br>Boise, Idaho  83701<br>Telephone:  (208) 384-3870 | [ ]  U.S. Mail, postage prepaid<br>[ ]  Hand-Delivered<br>[ ]  Overnight Mail<br>[ ]  Facsimile<br>[X]  Electronic Delivery |

_____
Phillip J. Collaer

**REPLY BRIEF RE: DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSITION ... (Docket No. 181-2) - 12**