IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., et al., | ) ) |
| | ) Case No. CV-05-283-S-BLW |
| Plaintiffs, | ) |
| | ) **MEMORANDUM DECISION** |
| | ) **AND ORDER** |
| v. | ) |
| | ) |
| CITY OF BOISE, IDAHO, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## INTRODUCTION

The Court has before it plaintiffs' motion to file a Second Supplemental Complaint and the City's motion to dismiss. The Court heard oral argument and took the motions under advisement. For the reasons expressed below, the Court will grant in part and deny in part both motions. The Court will also resolve other motions that require no oral argument.

## LITIGATION BACKGROUND

The Court will not repeat all the facts in this case. In *Community House, Inc. v. City of Boise*, 468 F.3d 1118 (9th Cir. 2006), the Circuit reversed a decision of this Court, and held that plaintiffs had raised serious questions about the City's

**Memorandum Decision and Order – Page 1**

justification for its men-only policy at Community House. *Id*. at 1126-27. Specifically, the Circuit found questions of fact over (1) whether the City's men-only policy was justified by safety concerns, and (2) whether the BRM[1] would convert another shelter to a facility for women and families. *Id*. at 1126-27. In addition, the Circuit held that the Court's injunction banning any requirement that residents attend religious services should have been broadened to ban all religious services, required or not. *Id*. at 1134.

The City filed a motion for reconsideration and rehearing en banc. Before the Circuit could hear that motion, the BRM notified the City on January 9, 2007, that it was exercising its option to purchase the Community House (CH) pursuant to its option to purchase contained in its lease with the City. Plaintiffs filed a motion to enjoin the sale at least until the Circuit ruled on a petition for reconsideration.

The Court denied that motion, partially on the ground that because the Court would allow plaintiffs to file a motion to amend their complaint to challenge the sale, there was no irreparable injury from allowing the sale to proceed. The sale did go forward and plaintiffs filed the motion now before the Court to amend their

---

[1] The Court will refer to the Boise Rescue Mission and the BRM Foundation Inc. by the acronym "BRM."

**Memorandum Decision and Order – Page 2**

complaint. The City responded with a motion to dismiss.

**1.    Motion to Amend**

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *See AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946 (9th Cir. 2006). However, a district court need not grant leave to amend where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

The City objects to the amendments as futile for a number of reasons. First, the City argues that the state law claims should be dismissed for plaintiffs' failure to file a Notice of Claim before filing suit. The City cites Idaho Code § 50-219, which requires that potential plaintiffs comply with the Notice of Claim requirements contained in the Idaho Tort Claims Act for "[a]ll claims for damages against a city . . . ."

The plaintiffs filed their original complaint on July 15, 2005. Plaintiffs did not file a Notice of Claim prior to that date. Five days later, on July 20, 2005, plaintiffs filed a copy of the "Verified Complaint" with the City Clerk. *See Belodoff Affidavit* at ¶ 3. About 12 days after that filing, Plaintiffs filed with this Court (on August 1, 2005) an amended complaint, and the City accepted service on August 4, 2005. *See Exhibit 2 to Belodoff Affidavit*.

**Memorandum Decision and Order – Page 3**

About two years later – on September 25, 2005 – plaintiffs filed a motion for supplemental complaint. That motion was not ruled on while the case was on appeal to the Circuit. On May 8, 2007, the plaintiffs filed a Notice of Claim with the City alleging that the City breached its agreement with Community House because it evicted the existing tenants and sold the facility to BRM. The present motion to file a second supplemental complaint was filed on December 28, 2007.

Idaho law requires plaintiffs to comply with the Notice of Claim requirements contained in the Idaho Tort Claims Act for "[a]ll claims for damages against a city . . . ." *See Idaho Code* § 50-219. A governmental entity has 90 days in which to respond to the claim, or it is deemed denied. *See Idaho Code* § 6-909. A claimant may file suit only after the claim is either actually denied or deemed denied. *See Idaho Code* § 6-910.

The purpose of this notice requirement is to "(1) save needless expense and litigation by providing an opportunity for amicable resolution of the differences between parties, (2) allow authorities to conduct a full investigation into the cause of the injury in order to determine the extent of the state's liability, if any, and (3) allow the state to prepare defenses." *Mitchell v. Bingham Memorial Hosp.*, 942 P.2d 544 (Id.Sup.Ct. 1997). Compliance with this notice requirement "is a mandatory condition precedent to bringing suit, the failure of which is fatal to a

**Memorandum Decision and Order – Page 4**

claim, no matter how legitimate." *McQuillen v. City of Ammon*, 747 P.2d 741 (Id.Sup.Ct. 1987). Plaintiffs have proffered no evidence that they complied with these requirements – there is no evidence that plaintiffs filed a Notice of Claim before filing this lawsuit. Filing a copy of the complaint with the City clerk five days after filing suit satisfies neither the letter nor the spirit of the notice requirement. For these reasons, all state law claims for damages must be dismissed.

This does not result in an outright dismissal of all state law claims, however, because plaintiffs are also seeking injunctive and declaratory relief. Such claims do not seek damages from the City and thus are not covered by Idaho Code § 50-219. The City argues that the Idaho Supreme Court, in *Magnuson Properties Partnership v. City of Coeur D'Alene*, 59 P.3d 971 (Id.Sup.Ct. 2002), signaled that even claims for injunctive and declaratory relief would be covered by the statute. In *Magnuson*, the plaintiff argued on appeal that his "equitable claims" were not covered by Idaho Code § 50-219. The Idaho Supreme Court "decline[d] to decide" the issue because the plaintiff had failed to raise it below. *Id*. at 975. Then the court stated that, "[e]ven if Magnuson had properly raised the issue, this Court has construed I.C. § 50-219 to require a claimant to file notice of all claims for damages against a government entity, tort or otherwise, as directed by the ITCA."

**Memorandum Decision and Order – Page 5**

*Id*. at 975.  The court cited in support of that conclusion, *Sweitzer v. Dean*, 798 P.2d 27, 31 (1990).

Obviously, the brief discussion in *Magnuson* is dicta.  Its citation to *Sweitzer* is puzzling because that case never mentions equitable claims.  It held simply that the statute applies to "all damage claims, tort or otherwise." *Id*. at 31.  So *Magnuson* sheds no light on the issue, and does not convince this Court to adopt the City's interpretation of the statute.

Plaintiffs also seek rescission of the Community House Management Agreement and specific performance of their agreements, which would allow them to occupy the facility with subsidized rent ($1 per year) and City funding, as previously-agreed upon.  The City points out that this claim for specific performance is more like a claim for damages than a claim for injunctive or declaratory relief:  "[Plaintiffs] are not demanding that the City be prohibited from doing something, but [are] demanding something back and, by that vehicle, obtaining considerable financial gain." *See City's Reply Brief* at p. 8.

Under the City's interpretation, any claim that would result in plaintiffs' financial gain would be subject to Idaho Code§ 50-219.  Because many claims – even those for purely injunctive and declaratory relief – are brought to gain or keep a financial advantage of some sort, such claims would have to comply with Idaho

**Memorandum Decision and Order – Page 6**

Code § 50-219 even though they did not seek damages.

The City's reading might make good policy but it is bad interpretation. The statute used the term "damages," a legal term meaning a claim for monetary relief. *See Black's Law Dictionary* (8th ed. 2004). It would have been easy for the drafters to broaden the term to include – as the City desires – claims resulting in any financial gain to plaintiffs or financial loss to the City. But that language was not added. Thus, the Court finds that the plaintiffs' failure to file a Notice of Claim results only in the dismissal of all state law claims for damages but not in the dismissal of state law claims for injunctive and declaratory relief or for recision and specific performance.

The City argues next that Count 16 is futile. That Count alleges that the City cut a sweetheart deal with BRM that constitutes a preference for the BRM's religious practices in violation of the Idaho Constitution. The City argues that plaintiffs cannot seek damages for this alleged violation and the plaintiffs agree.

The City also argues that other sections of the Idaho Constitution – not pled in the second amended complaint – prohibit public or state support of a church or religious entity, and that the allegations in the second amended complaint fail to support a claim under the provisions cited. The Court disagrees. Count 16 alleges that the City gave a preference to BRM's mode of worship in violation of Article 1,

**Memorandum Decision and Order – Page 7**

§ 4, of the Idaho Constitution, which states that "nor shall any preference be given by law to any religious denomination or mode of worship." The plaintiffs have at least stated a claim under this provision. The Court therefore refuses to dismiss Count 16 as futile.

The City next seeks to dismiss the claims of plaintiff Jim Liddell. He alleges that while he was eating at the original BRM facility, he was told by BRM personnel that "if he did not attend worship services, then he would not be served the next time." *See Proposed Second Amended Complaint* at ¶ 26. The City points out that the original BRM facility was not supported by the City in any way, was operated entirely as a private facility with private employees who made the alleged comments to Liddell.

Liddell does not dispute any of this but responds that Liddell was exposed to BRM's discrimination because the City had shut down his former shelter at CH and had stopped serving meals there, forcing him to attend the BRM facility. But this chain of causation is far too attenuated to sweep up purely private conduct and deem it public. If this claim can be maintained, every private act that injured Liddell after his eviction could be ascribed to the City. The plaintiffs cite no authority supporting such a result. Accordingly, Liddell shall be dismissed as a plaintiff.

**Memorandum Decision and Order – Page 8**

Finally, the City seeks to dismiss Count 18, the claim under the First Amendment, on the ground that it is time-barred. The City argues that this claim arose when the lease was signed on September 2, 2005, and that the two-year statute of limitations had expired by the time plaintiffs filed their motion to add the First Amendment claim on December 28, 2007.

Actually, plaintiffs had proposed the First Amendment claim much earlier. On September 25, 2005 – less than a month after the lease was signed – plaintiffs filed a motion to supplement their amended complaint. Included in the claims sought to be added by plaintiffs was a claim under the First Amendment.

The motion was stayed pending an appeal to the Ninth Circuit. After that appeal was concluded, the motion was never resolved. For that reason, the Court cannot hold that the plaintiffs have sat on their rights and are time-barred.

In conclusion, the Court will grant in part and deny in part the motion to amend. The Court will grant the motion to the extent it seeks to (1) add state law claims in Counts 12 through 17 without seeking monetary damages, and (2) add Count 18 for violation of the First Amendment; and (3) add additional plaintiffs James Masker, Jessica Schafer, and Jimmy Moore, but not Jim Liddell.

2. **City's Motion to Dismiss**

The argument on this motion was intertwined with the futility argument on

**Memorandum Decision and Order – Page 9**

the motion to amend, to a great extent. Thus, the ruling above applies equally here. In addition, the Court finds that as to all existing state law claims, plaintiffs may not seek monetary damages due to their failure to file a timely Notice of Claim as discussed above.

3.  **Plaintiff's Motion to File Sur Response**

Plaintiffs claim that the City raised new arguments in its final reply brief on the motion to dismiss that related to the plaintiffs' motion to amend. This prevented plaintiffs from having a fair shot at rebuttal, they contend, and they now seek to file a sur response to address the City's new arguments.

Typically the Court grants such motions. This one is different. The City filed its allegedly offending reply brief on March 21, 2008. Plaintiffs did not file their motion to file a sur response until June 6, 2008, and include no explanation as to why they waited that long. Plaintiffs had about two months to study the City's reply brief before oral argument and so were not without an opportunity to respond. Plaintiffs made no request at the oral argument for additional time to submit briefing. Under all these circumstances, the Court will deny the motion. The City's motion to strike will be granted.

4.  **Motion for Extension of Time**

The plaintiffs' counsel requests an extension of the discovery and dispositive

**Memorandum Decision and Order – Page 10**

motions deadlines for a period of 90 days. The sealed Declaration of counsel accompanying the motion states that opposing counsel has no objection. It sets forth good grounds for the extension, and the Court will therefore grant the motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to file second supplemental complaint and join parties (Docket No. 166) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent it seeks to (1) add state law claims in Counts 12 through 17, without any claim for monetary damages; (2) add Count 18 for violation of the First Amendment; and (3) add additional plaintiffs James Masker, Jessica Schafer, and Jimmy Moore. It is denied in all other respects.

IT IS FURTHER ORDERED, that the City's motion to dismiss (Docket No. 170) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks dismissal of any claim for monetary damages as a remedy for violation of any state law claim. It is denied in all other respects.

IT IS FURTHER ORDERED, that the plaintiffs' motion to file a sur response (Docket No. 181) is DENIED.

IT IS FURTHER ORDERED, that the City's motion to strike (Docket No.

**Memorandum Decision and Order – Page 11**

182) is GRANTED, and that the memorandum (attached to Docket No. 181) and the amended motion to file sur response (Docket No. 185) are hereby STRICKEN.

IT IS FURTHER ORDERED, that the motion for extension (Docket No. 188) is GRANTED, and all case management deadlines are hereby extended by 90 days.

DATED: **July 22, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 12**