IN THE UNITED STATES COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., et al.,<br><br>    Plaintiffs,<br><br><br><br>vs.<br><br><br><br>CITY OF BOISE, IDAHO, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR IN CAMERA REVIEW AND DENYING DEFENDANTS' MOTION TO STRIKE<br><br><br><br>Case No. CV 05-283-S-BLW |

This matter is before the Court on Plaintiffs' Motion to Compel and Defendants' Motion to Strike. In their Motion, Plaintiffs request that the Court require Defendants to organize their document production. Plaintiffs also object to the form of Defendants' privilege log and request that the Court conduct an in camera review of all documents listed on the log. In their Motion, Defendants request that the Court strike an affidavit submitted by Plaintiffs along with their Reply Memorandum. For the reasons set forth below, the Court will grant in part and deny in part the Motion to Compel and will deny the Motion to Strike.

1

I.  BACKGROUND

Plaintiffs filed a number of relatively broad requests for production. In their First Request for Production, Plaintiffs issued forty-one requests.[1]  Of those, only Request Nos. 28, 32, and 36 required production of specific documents.  The remaining requests broadly requested documents related to various subjects.  An example of such a broad request is Request No. 1, which requests:

> any and all documents . . . that:
> a. relate to, describe, or reference Community House.
> b. relate to, describe, or reference any proposed lease, lease option to purchase, or sale of any real property.
> c. relate to, describe, or reference any real property transaction.
> d. reference, describe, related to, or discuss any proposed or adopted policies, procedures, regulations, restrictions, terms, monitoring provisions or other provisions of any proposed lease, lease, land exchange, or purchase of Community House.[2]

In response, Defendants provided five boxes of documents and scans of those documents on seven compact disks, but did not provide a written response.  Defendants assert that the documents were produced as kept in the normal course of business.

In their Second Set of Requests for Production, Plaintiffs made an additional sixty-six requests, all of which were broad, generalized requests for "any and all" documents related to various subjects.  In response, Defendants provided an additional twenty-one boxes of Bates-stamped documents, along with a written response to the requests.  Defendants provided a list for each box which indicated which requests for production were addressed by the contents of the box.

In conjunction with the requests for production, Defendants also provided Plaintiffs with a privilege log, in which they identify approximately 300 documents for which privilege was claimed.[3]

---

[1]Docket No. 197, Ex. 2.

[2]*Id.*, Ex. 2 at 7-8.

[3]*Id.*, Exs. 4-7.

Each document listed on the privilege log is identified by: (1) its Bates number, where applicable; (2) the box number in which it would have been contained; (3) the number of pages in the document; (4) the date the document was authored; (5) the author and recipient(s) of the document; (6) a brief description of the document; and (7) the privilege claimed.

Plaintiffs argue that the form of production used by Defendants fails to completely respond to Plaintiffs' requests for production. Specifically, they argue that Defendants failed to organize the documents produced by either topic or request number. Plaintiffs also allege questionable ethical conduct by Defendants, in that they allege that Defendants intentionally hid relevant documents in the middle of unrelated irrelevant documents. Plaintiffs also argue that the privilege log is insufficient, and request that the Court require an in camera review of all of the documents listed on the privilege log.

Defendants' Motion to strike takes issue with an affidavit filed by Plaintiffs along with their Reply Memorandum in support of the Motion to Compel. Defendants argue that the affidavit is untimely because it was not filed at the same time as the Motion to Compel, and that it impermissibly raises new arguments that were not contained in either of Plaintiffs' memoranda.

## II.  DISCUSSION

A. MOTION TO COMPEL

    1. *Document Production*

Plaintiffs argue that Defendants failed to comply with Fed. R. Civ. P. 34 "because they did not organize or provide specific responses to Plaintiffs' discovery request."[4]  Specifically, Plaintiffs argue that Rule 34(b)(2) "requires a party to answer a discovery request within thirty days and respond to *each item or category*."[5]  Plaintiffs are correct regarding the language of the Rule, but overstate its application in the present case.

Fed. R. Civ. P. 34(b)(2) defines the requirements for responding to requests for production.  Under Rule 34(b)(2)(A), Defendants had 30 days to respond "in writing" to Plaintiffs' requests for production.  Plaintiffs do not argue that Defendants failed to produce documents within the required thirty-day window, but it is undisputed that Defendants failed to provide a written response, as required by the Rule.  Under Rule 34(b)(2)(B), Defendants must indicate, for each request, whether the documents will be produced or whether Defendants assert an objection to the request.  Provision of five boxes of documents is insufficient without an accompanying written response indicating that the five boxes are intended as full compliance with the requests for production and, if not, what objections Defendant has to fully complying with the request.  The Court will therefore require that Defendants supply a written response to Plaintiffs' First Request for Production within 15 days of this order.

---

[4]Docket No. 197 at 20.

[5]*Id.*

It is undisputed that Defendants provided a written response to Plaintiffs' Second Request for Production, along with twenty-one additional boxes of documents. Plaintiffs argue, however, that Rule 34(b) requires Defendants to provide the documents organized by topic or production request, and cite to *Burlington Northern & Santa Fe Ry. Co. v. U.S. District Court for the District of Montana*,[6] wherein the Ninth Circuit described a discovery ruling by the District Court judge ordering a party to reorganize their discovery production.[7] However, the Ninth Circuit, in doing so, was merely stating the facts and procedural history of the case, and was not creating the discovery standard advocated by Plaintiff.

Rule 34(b)(2)(E)(i) states that a party must produce documents as they are kept in the usual course of business or must organize them and label them to correspond to the categories in the request. "Rule 34 is generally designed to facilitate discovery of relevant information by preventing 'attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents.'"[8] Plaintiffs repeatedly argue that this is precisely what Defendants have done, hiding pivotal documents in the midst of nonresponsive documents. However, two facts argue against such a determination. First, Plaintiffs' Requests for production were extremely broad and generalized, so that the documents produced, even if not relevant to the case at hand, are likely not nonresponsive. Second, twenty-six boxes of documents is not an unreasonable production in response to over one hundred broad requests for production.

---

[6] 408 F.3d 1142 (9th Cir. 2005).

[7] *Id.* at 1146.

[8] *Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 291160 (S.D. Fla. Feb. 5, 2009) (quoting *Williams v. Taser Int'l, Inc.*, 2006 WL 1835437 (N.D. Ga. June 30, 2006) (internal brackets omitted).

When, as here, broad discovery requests lead to relevant documents being mixed in with seemingly irrelevant documents, the fault lies just as much with the party who made the request as with the party who produced documents in response to the request. Moreover, in response to Plaintiffs' Second Request for Production, Defendants indicated, on each box, which production requests were addressed by the contents. Defendants argue that the production of all twenty-six boxes of documents has been in keeping with how the documents are kept in the usual course of business. Even if the boxes do not contain the documents as maintained by Defendants in the usual course of business, the labeling and organization provided by Defendants is sufficient to satisfy the requirements of Rule 34(b)(2)(E)(i).

If "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants,"[9] then it seems that the process has worked. Plaintiffs' have identified no relevant documents which are not included in the twenty-six boxes produced by Defendants, and the Court will not impose greater burdens on Defendants in order to eliminate the tedious, but necessary, task of document review. The Court, therefore, will deny Plaintiffs' Motion to Compel as it pertains to Plaintiffs' request that the Court order Defendants to reorganize their document production.

2.   *Privilege Log*

Defendants provided Plaintiffs with a log indicating all documents for which privilege has been claimed. Plaintiffs fail to identify a single document listed in the log for which privilege is disputed. Instead, Plaintiffs argue that the log is insufficient, and ask that the Court review, in camera, all of the documents on the privilege log to determine if the documents are privileged.

Plaintiffs are correct that a party claiming privilege has the burden to demonstrate that the

---

[9]*Id.* at 1148-49 (quoting Rule 26(f) advisory committee's note (1983 Amendment)).

documents are privileged.[10] Fed. R. Civ. P. 26(b)(5)(A) requires that the party claiming the privilege "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected will enable other parties to assess the claim." When the privilege log identifies the parties involved, the nature of the document, all persons or entities to have received or sent the document, the date the document was generated, and the subject matter of the document, then the party providing the log has met its initial burden in demonstrating the applicability of privilege,[11] at least insofar as it allows the other parties to assess the claim of privilege.

The Court finds that Defendants' privilege log, when combined with the list of city employees and their responsibilities,[12] meets the requirements of Rule 26(b)(5)(A), in that it enables Plaintiffs to assess the claims of privilege. An in camera review of all documents listed on the privilege log is, therefore, inappropriate, and Plaintiffs' request for an in camera review will be denied. However, if Plaintiffs wish to specifically challenge any of the claimed privileges, they are free to do so.

B.  MOTION TO STRIKE

In connection with their Reply Memorandum,[13] Plaintiffs filed an Affidavit from Michael Witry, an attorney who is assisting Plaintiffs. In the Affidavit, Mr. Witry describes how Defendants provided their responses to Plaintiffs' requests for production. Defendants argue that the affidavit should be stricken: (1) because it was not filed together with the Motion to Compel, allegedly in

---

[10]*In re Grand Jury Investigations*, 974 F.2d 1068, 1070 (9th Cir. 1992).

[11]*Id.* at 1071 (citing *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989)).

[12]Docket No. 197, Ex. 8. Defendants produced the list concurrently with the privilege log.

[13]Docket No. 205.

violation of Dist. Idaho Loc. Civ. Rule 7.1; and (2) because it raises new arguments that were not contained in the original Motion.

As noted above, the manner in which Defendants presented their discovery responses is sufficient to meet the requirements of the Federal Rules of Civil Procedure, so the Court need not consider the contents of the Affidavit, and the Motion to Strike will be denied as moot.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Compel and Request for In Camera Review and Statement Pursuant to Local Rule 37.1 (Docket No. 196) is GRANTED IN PART AND DENIED IN PART, as set forth above.  It is further

ORDERED that Defendants' Motion to Strike Affidavit of Michael Witry (Docket No. 214) is DENIED AS MOOT.

DATED   June 12, 2009.

                              BY THE COURT:

                              TED STEWART
                              United States District Judge