Robert A. Anderson, ISB #2124
Phillip J. Collaer, ISB #3447
Mark D. Sebastian, ISB #6012
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:   (208) 344-5510
E-Mail:   randerson@ajhlaw.com
            pcollaer@ajhlaw.com

Attorneys for Defendants City of Boise

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., et al.<br><br>Plaintiffs-Appellees,<br><br>vs.<br><br>CITY OF BOISE, IDAHO, et al.<br><br>Defendants-Appellants. | 1:05-cv-00283-BLW<br><br>**DEFENDANT'S MOTION TO ALLOW FURTHER MOTIONS** |

On January 13, 2011, the court conducted a status conference to address future proceedings. During the conference, defendant Boise City expressed its desire to present additional motions challenging the remaining claims in the complaint utilizing the rulings of the court in *Community House, Inc. v. City of Boise*, 623 F.3d 945 (9th Cir. 2010). Counsel was directed to file the present motion to request permission to file additional motions.

I.

**DEFENDANT SEEKS TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S JULY 29, 2009 ORDER GRANTING, IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

To clarify any misunderstanding, the City of Boise is not seeking permission to conduct new discovery or file new motions for summary judgment. The defendant is cognizant of the

DEFENDANT'S MOTION TO ALLOW FURTHER MOTIONS - 1

deadlines for discovery and dispositive motions in the court's case management order. Instead, defendant intends to seek reconsideration of portions of the court's summary judgment ruling (Docket No. 261) in light of intervening rulings from the Ninth Circuit Court of Appeals and the United States Supreme Court.[1]

The district court's ability to reconsider a summary judgment ruling is governed by Fed. R. Civ. P. 56(e) and/or 60 (b). As noted in **School Dist. No. 1J Multnomah County, Oregon v. Acands, Inc.**, 5 F.3d 1255, 1263 (9th Cir. 1993): "...reconsideration is appropriate if the District Court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

In **Community House, Inc. v. City of Boise**, 623 F.3d 945 (9th Cir. 2010) the court ruled that the lease to the Boise Rescue Mission was neutral and provided the City more favorable terms than the previously existing lease between the City and CHI. *See* 623 F.3d at 971. The Court also ruled that charging below market rent to a nonprofit religious organization on the same or worse terms than those received by a prior secular nonprofit tenant did not violate the First Amendment. *Id.* at 972. Addressing the terms of the sale to the BRM, the court held that any determination of whether the City sold the building for less than market value must take into account the total consideration the City received. *Id.* This would include the savings the City realized when it was able to guarantee the shelter and the soup kitchen would continue operating without the considerable annual expense which, prior to the lease and sale to the BRM, was shouldered by the City. *Id.*

Additionally, this Court previously held that the Ninth Circuit, in **Community House I** had ruled "...that Community House qualified as a dwelling under the definition of the Act." *See* Dkt No. 261, pp. 20-21. This language is inconsistent with the Ninth Circuit's recent ruling

---

[1] The remaining claims include discrimination under the FHA based upon disability, gender, and familial status described at Counts 2, 3, 5 and 6 in addition to the First Amendment claims found at Counts 17 and 18.

**DEFENDANT'S MOTION TO ALLOW FURTHER MOTIONS - 2**

where the Court stated "We did not determine whether the River of Life facility under the BRM's management would also be a dwelling." *See* 623 F.3d at 969. In light of this ruling, the Court should now address the question of whether an emergency shelter qualifies as a dwelling under the Act.

The court's prior summary judgment order did not address the constitutional and FHA issues outlined above. The Ninth Circuit's ruling created new law which this court should consider in its ultimate resolution of the Establishment Clause and the FHA claims. Additionally, when the motion for summary judgment was initially argued, the controlling Ninth Circuit case addressing the impact of the sale of property upon which an establishment clause violation existed was *Buono v. Kempthorne*, 527 F.3d 758 (9th Cir 2008). That case was subsequently reversed in *Salazar v. Buono*, ___ U.S. ___, 130 S. Ct. 1803, 176 L. Ed 2d 634 (2010). The City's sale of the building to the BRM should be reconsidered in light of the guidance provided by the Supreme Court.

The City of Boise seeks reconsideration of the court's ruling granting, in part, the City's motion for summary judgment. This motion will ask the court to take into consideration changes in the substantive law that has occurred since the original motion was argued. This motion would not violate the Case Management Order as, a motion for reconsideration is not a new motion for summary judgment.

Dated this 19 day of January, 2011.

ANDERSON, JULIAN & HULL LLP

By_____
Phillip J. Collaer, Of the Firm
Attorneys for Defendants

DEFENDANT'S MOTION TO ALLOW FURTHER MOTIONS - 3

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 19 day of January, 2011, I served a true and correct copy of the foregoing **DEFENDANT'S MOTION TO ALLOW FURTHER MOTIONS** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

Howard A. Belodoff  
Zoe Ann Olson  
James C. Cook  
IDAHO LEGAL AID SERVICES, INC.  
310 N. 5th Street  
P.O. Box 913  
Boise, Idaho 83701  

[ ] U.S. Mail, postage prepaid  
[ ] Hand-Delivered  
[ ] Overnight Mail  
[ ] Facsimile  
[X] Electronic Delivery  

Cary B. Colaianni  
Scott Muir  
CITY ATTORNEY'S OFFICE  
P.O. Box 500  
Boise, Idaho 83701  

[ ] U.S. Mail, postage prepaid  
[ ] Hand-Delivered  
[ ] Overnight Mail  
[ ] Facsimile  
[X] Electronic Delivery  

Thomas A. Banducci  
Attorney at Law  
802 W. Bannock Street, Ste. 700  
Boise, ID 83702  

[ ] U.S. Mail, postage prepaid  
[ ] Hand-Delivered  
[ ] Overnight Mail  
[ ] Facsimile  
[X] Electronic Delivery  

_____  
Phillip J. Collaer

**DEFENDANT'S MOTION TO ALLOW FURTHER MOTIONS - 4**