Howard A. Belodoff, ISB # 2290
Richard A. Eppink, IBS # 7503
IDAHO LEGAL AID SERVICES, INC.
310 N. 5th Street
P.O. Box 913
Boise, ID   83701
Telephone:  208-336-8980
Facsimile: 208-342-2561
howardbelodoff@idaholegalaid.org
ritchieeppink@idaholegalaid.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., MARLENE K. SMITH, GREG A. LUTHER, JAY D. BANTA, JAMES MASKER, JESSICA SCHAFER, and JIMMY MOORE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF BOISE, IDAHO, DAVID H. BIETER, Mayor; BOISE CITY COUNCIL; MARYANNE JORDAN, ELAINE CLEGG, VERNON BISTERFELDT, DAVID EBERLE, JEROME MAPP, and ALAN SHEALY, Boise City Council members; BRUCE CHATTERTON, Director, Planning and Development Services; JIM BIRDSALL, Manager, Housing and Community Development,<br><br>    Defendants. | CASE NO. CIV 05-283-S-CWD<br><br><br><br>PLAINTIFFS' MEMORANDUM RE: CLAIMS AND DEFENESES AND PROPOSED JURY INSTRUCTION BASED ON MCJI 1.2 |

    Plaintiffs, Community House Inc. ("CHI"), Marlene K. Smith, Greg A. Luther, Jay D. Banta, James Masker, Jessica Schafer and Jimmy Moore submit this memorandum concerning the claims and defenses pending for trial, as required by this Court's docket entry order at Dkt. 309.

PLAINTIFFS' MEMORANDUM RE: CLAIMS AND DEFENSES – Page 1

## I. MEMORANDUM CONCERNING PENDING CLAIMS AND DEFENSES

The Court's order that all parties provide a proposed jury instruction based on the Ninth Circuit's model civil instruction 1.2 suggests that the Court wants to know the parties' positions on what claims remain pending for trial. The Court's decisions on the defendants' summary judgment motion (Dkt. 261) and motion to dismiss (Dkt. 191) answer this question:

| Claim No. | Compl.[1] Page No. | Status |
|---|---|---|
| 1 | 29–30 | Summary judgment **granted** for Defendants. Dkt. 261 at 16. |
| 2 | 30 | Summary judgment on 42 U.S.C. § 3604(f)(1) and (2) ("disparate treatment" because of disability) **granted** for Defendants; summary judgment on 42 U.S.C. § 3604(f)(3)(B) (failure to accommodate) **denied**. Dkt. 261 at 22–23. |
| 3 | 30–31 | Summary judgment on Fair Housing Act religion claims **granted** for Defendants; summary judgment on Fair Housing Act gender and familial status claims **denied**. Dkt. 261 at 25. |
| 4 | 31–32 | Defendants did not move for summary judgment on this claim, *see* Dkt. 200-2, and the Court has not rendered a decision on it. |
| 5 | 32 | Summary judgment **denied**. Dkt. 261 at 26. |
| 6 | 32 | Summary judgment **denied**. Dkt. 261 at 27. |
| 7 | 32–33 | Summary judgment **denied**. Dkt. 261 at 28. |
| 8 | 33–35 | Summary judgment **granted** for Defendants. Dkt. 261 at 30. |
| 9 | 36 | Summary judgment **granted** for Defendants. Dkt. 261 at 30. |
| 10 | 37 | Summary judgment **granted** for Defendants. Dkt. 261 at 30. |
| 11 | 37–38 | Damage aspect **dismissed**, Dkt. 191 at 7; summary judgment on equitable aspect **denied**, Dkt. 261 at 31. |
| 12 | 38 | Damage aspect **dismissed**, Dkt. 191 at 7; summary judgment on |

---

[1] The page numbers in the table refer to the last amended complaint, Dkt. 166-2.

|    |       |                                                                                                                                                                                                                                                                     |
|----|-------|-----|
|    |       | equitable aspect **denied**, Dkt. 261 at 31.                                                                                                                                                                                                                        |
| 13 | 38–39 | Damage aspect **dismissed**, Dkt. 191 at 7; summary judgment on equitable aspect **denied**, Dkt. 261 at 31.                                                                                                                                                        |
| 14 | 39–40 | Damage aspect **dismissed**, Dkt. 191 at 7; summary judgment on equitable aspect **denied**, Dkt. 261 at 31.                                                                                                                                                        |
| 15 | 40–41 | Damage aspect **dismissed**, Dkt. 191 at 7; summary judgment **granted** as to rescission aspect, but summary judgment on all other equitable aspects (e.g., equitable estoppel, resulting trust, equitable ownership) **denied**, Dkt. 261 at 31.                  |
| 16 | 41    | Damage aspect **dismissed**, Dkt. 191 at 7; summary judgment on equitable aspect **denied**, Dkt. 261 at 31.                                                                                                                                                        |
| 17 | 41–42 | Summary judgment **denied**.  Dkt. 261 at 13.                                                                                                                                                                                                                       |
| 18 | 42–43 | Summary judgment **denied**.  Dkt. 261 at 12.                                                                                                                                                                                                                       |
| 19 | 43    | **Dismissed**.  Dkt. 193.                                                                                                                                                                                                                                           |

The following claims are thus pending for jury trial to determine liability and damages:

- Fair Housing Act failure to accommodate (Second claim).
- Fair Housing Act disparate treatment because of gender and familial status. (Third claim).
- Section 504 of the Rehabilitation Act of 1973 (Fourth claim).
- Fair Housing Act discriminatory residential real-estate related transaction (Fifth claim).
- Fair Housing Act retaliation (Sixth claim).
- *Establishment Clause* (Seventeenth claim).

The following claims are pending for court trial to determine appropriate equitable relief:

- Fair Housing Act preemption (Seventh claim).
- Breach of contract (Eleventh claim).
- Breach of partnership (Twelfth claim).
- I.C. §§ 50-1401, *et seq.* (Thirteenth claim).
- Idaho Nonprofit Corporations Act (Fourteenth claim).
- Equitable estoppel, resulting trust, equitable ownership (partnership accounting) (Fifteenth claim).
- I.C. §§ 6-301, *et seq.*,  and I.C. §§ 55-208 through 55-211 (Sixteenth claim).
- Idaho Constitution Art. I, § 4, and Art. XXI, § 19 (Eighteenth claim).

Since the summary judgment decision, the Ninth Circuit issued a decision granting immunity to the individual defendants, except for Bruce Chatterton and Jim Birdsall, who remain parties for trial in the official capacities only. The Ninth Circuit's decision (Dkt. 267), by its own terms, has "no effect" on other parties or any of the underlying claims. *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 973 (9th Cir. 2010).

## II. PROPOSED MCJI 1.2 INSTRUCTION

Based on these pending claims, the plaintiffs propose the following MCJI 1.2 "statement of the case" instruction:

### INSTRUCTION NO. 3

### Statement of the Case

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

There are seven plaintiffs in this case. One of the plaintiffs is a nonprofit organization, Community House, Inc. The other plaintiffs are individuals named Marlene Smith, Greg Luther, Jay Banta, James Masker, Jessica Schafer, and Jimmy Moore. The defendants are the City of Boise, Idaho ("City"), including the Boise City Council, and two of its employees, Bruce Chatterton and Jim Birdsall.

The plaintiffs bring claims against the defendants under the Fair Housing Act and also the *Establishment Clause* of *First Amendment* to the United States Constitution. The plaintiff Community House, Inc., contributed funds to build a homeless shelter in Boise, Idaho. Community House, Inc., operated the shelter for nine years, housing men, women, children, and families. The individual plaintiffs resided in the shelter. The defendants assumed control over the shelter from Community House, Inc., adopted a men-only policy, and then leased the shelter to another operator. Specifically, the plaintiffs claim that:

(1) The defendants made a statement with respect to the sale or rental of the shelter that indicates a preference, limitation, or discrimination based on gender or familial status, in violation of the Fair Housing Act.

(2) The defendants denied housing or made it unavailable because of gender or familial status, or discriminated in the provision of services of facilities, in connection with the sale or rental of housing, because of gender or familial status, in violation of the Fair Housing Act. As to this claim, the defendants contend that the men-only policy was justified because it benefitted the women and children or

PLAINTIFFS' MEMORANDUM RE: CLAIMS AND DEFENSES – Page 4

       responded to legitimate safety concerns that were raised by the individuals affected. The defendant has the burden of proof on this defense. The plaintiffs deny the defendants' defense.

(3)     The defendants engaged in residential real estate-related transactions and discriminated in the terms and conditions of a transaction because of gender or familial status, in violation of the Fair Housing Act.

(4)     The defendants refused to make reasonable accommodations in rules, policies, practices, or services, when those accommodations may have been necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling, in violation of the Fair Housing Act.

(5)     The defendants coerced, intimidated, threatened, or interfered with plaintiff Community House, Inc., as a result of Community House, Inc., exercising its Fair Housing Act rights or aiding the Fair Housing Act rights of others.

(6)     The defendants acted with the purpose or effect of advancing religion, in violation of the *Establishment Clause* of the United States Constitution.

The plaintiffs have the burden of proving these claims. The defendants deny that they violated the Fair Housing Act or the *Establishment Clause*.

The plaintiffs will submit additional proposed jury instructions later, in accordance with the Court's recent docket entry order (Dkt. 308).

### III. CONCLUSION

WHEREFORE, for all the reasons explained and authorities cited above, the plaintiffs respectfully request that the Court govern trial proceedings accordingly.

DATED this 27th day of March, 2012.

                                              Respectfully submitted,

                                              /s/ Howard Belodoff

                                              Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 27th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Robert Anderson | raanderson@ajhlaw.com |
| Phillip Collaer | pcollaer@ajhlaw.com |
| Scott Muir | BoiseCityAttorney@cityofboise.org |

                     /s/ Howard Belodoff