UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., et. al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BOISE, IDAHO, et. al., <br><br> Defendants. | Case No. 1:05-cv-00283-CWD <br><br> **ORDER** |

The Court has before it Plaintiffs' Motion to Substitute the Estate of Greg Luther as a named Plaintiff in this matter because of Mr. Luther's death. (Dkt. 348.) Plaintiffs filed the motion on August 16, 2012, and Defendants filed a response objecting to the motion on August 22, 2012. Trial in this matter commences Monday, August 27, 2012. Having reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and the record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before the Court without oral argument. Dist. Idaho L. Rule 7.1(d).

According to the Second Amended Complaint, Mr. Luther suffered from a disability, and was a tenant in Community House who was unable to find other temporary housing, and was not offered relocation assistance, benefits, or replacement housing by

**ORDER - 1**

Defendants when he was forced to vacate Community House. (Second Am. Compl. ¶21, Dkt. 166-1.) Mr. Luther's claims arise under the Fair Housing Act, 42 U.S.C. §§ 3601 et. seq. ("FHA"), and he alleges injury due to Defendants' alleged "discriminatory housing practices that otherwise make unavailable or deny dwellings because of disability/ handicap status," in violation of 42 U.S.C. § 3604(f)(3)B. (*Id.* ¶ 165.)

Plaintiffs bring their motion to substitute under Fed. R. Civ. P. 25(a), and argue that Mr. Luther's claims survive based upon Idaho State law, specifically Idaho Code § 5-327(2), because there is no provision in the FHA regarding survivorship of a decedent's claim. Idaho Code § 5-327(2) provides that "[a] cause of action for personal injury or property damage caused by the wrongful act or negligence of another shall not abate upon the death of the injured person from causes not related to the wrongful act or negligence." Plaintiffs assert that Mr. Luther's death was not caused by the City's actions, and therefore Idaho Code § 5-327(2) applies and his claim survives.

Plaintiffs argue also that damages should not be limited by applicable Idaho law, because the limitation of damages would be "inconsistent with the compensation and deterrence policies that Congress intended §1983 to serve." Plaintiffs therefore contend that under Idaho law Mr. Luther's claim under the FHA survived Mr. Luther's death, and the federal law on damages should be applied because the expressed purposes of the FHA to provide compensation, broad remedies, and to deter discrimination are served by not limiting damages under Idaho law.

Defendants object to the substitution of Mr. Luther's estate for three reasons. First, Defendants assert Plaintiffs have failed to comply with the requirements of Fed. R. Civ.

**ORDER - 2**

P. 25, because there has been no showing that counsel is authorized to act on behalf of Mr. Luther's estate, and no probate action has been commenced. Second, Plaintiffs argue Mr. Luther's cause of action abated upon his death because Idaho Code § 5-327(2) is limited to a cause of action for personal injury or property damage, but Mr. Luther's claims do not encompass such damages. And finally, Defendants argue that even if Mr. Luther's claims do not abate, the limitation on damages should apply pursuant to Idaho law.

1.      **Mechanics of Substitution**

Fed. R. Civ. P. 25 provides that "if a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative" within 90 days after service of a statement noting the death. Fed. R. Civ. P. 25(a)(1). "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3).

The rule requires two affirmative steps to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. *Barlow v. Ground*, 39 F.3d 231, 223 (9th Cir. 1994). Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed. R. Civ. P. 25(a)(1); *Barlow*, 39 F.3d at 233. Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or

**ORDER - 3**

representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. *Barlow*, 39 F.3d at 233. The rule therefore requires service upon Mr. Luther's successor or representative in the manner provided by Rule 4.

Plaintiffs have yet to fully comply with their obligation under Rule 25. On the record before the Court, it appears that Mr. Luther's successors or representatives have not been served, and therefore the 90-day period within which a substitution motion may be made or dismissal will be entered has not been triggered yet. *Barlow*, 39 F.3d at 233—34. If Plaintiffs have attempted to identify Mr. Luther's successors or representatives, but have failed to ascertain any such persons, then Plaintiffs should submit an affidavit or declaration attesting to such efforts. At this time, the Court has received no indication from Plaintiffs whether Mr. Luther has any successors or representatives and whether they were served, or whether Plaintiffs have been unable to identify any successors or representatives. But, Mr. Luther's death does not automatically terminate the Court's jurisdiction over Mr. Luther's claims. *See Barlow*, 39 F.3d at 235 (order dismissing under Rule 25 was reversed and case was remanded for motion to substitute).

2. **Survival of Claim**

Both parties agree that 42 U.S.C. § 1988 governs, and the analysis set forth in *Van Orden v. Caribou County,* No. 4:10–CV–385–BLW, 2011 WL 841438 (D. Idaho Mar. 4, 2011), applies to determine whether Mr. Luther's claim under the FHA survives his death. Section 1988 establishes the following three step analysis: "First, the Court determines whether the issue before it is addressed by federal law. Absent a federal

**ORDER - 4**

statute, the Court next examines whether the law of the forum state addresses the issue. Finally, the Court considers whether application of state law would conflict with the policies underlying the cause of action before the Court." *Van Orden*, 2011 WL 841438 *2 (internal citations omitted). *See also Cusack v. Idaho Dept. of Corrections*, No. 1:11-cv-00303-REB, 2012 WL 506008 (D. Idaho Feb. 15, 2012) (applying the analysis in *Van Orden*).

Plaintiffs concede the FHA does not contain a provision regarding the survivorship of a decedent's claim, and argue Idaho Code § 5-327(2) guides the analysis. Defendants argue Idaho Code § 5-327(2) does not apply. The full text of Idaho Code § 5-327(2) provides as follows:

> A cause of action for *personal injury or property damage* caused by the wrongful act or negligence of another shall not abate upon the death of the injured person from causes not related to the wrongful act or negligence. Provided however, that the *damages that may be recovered in such action are expressly limited* to those for: (i) *medical expenses* actually incurred, (ii) other *out-of-pocket expenses* actually incurred, and (iii) *loss of earnings* actually suffered, prior to the death of such injured person and as a result of the wrongful act or negligence. Such action shall be commenced or, if already commenced at the time of the death of the injured person, shall be thereafter prosecuted by the personal representative of the estate of the deceased person or, if there be no personal representative appointed, then by those persons who would be entitled to succeed to the property of the deceased person according to the provisions of section 5-311(2)(a), Idaho Code.

(emphasis added). Subsection 2 of the statute was adopted by the legislature on April 12, 2010. 2010 Idaho Laws Ch. 349 (S.B. 1340).

The statute does not apply in this case to Mr. Luther's claims for two reasons. First, Mr. Luther is not alleging that he suffered a personal injury or property damage.

**ORDER - 5**

However, the statute is limited in its application to claims alleging such injuries. Moreover, Mr. Luther is not claiming the type of monetary damages contemplated by the statute. And finally, if the statute does apply as Plaintiffs suggest, Plaintiffs have not complied with its requirements. Section 5-327(2) requires either the personal representative or the persons entitled to succeed to the property to prosecute the action. No such person has been identified.[1]

*Van Orden* and *Cusack* both held that Idaho has no survivor statute applicable to a civil rights claim brought pursuant to Section 1983,[2] and considered the third prong, whether application of state law would conflict with the policies underlying the cause of action before the Court. In *Van Orden*, the Court addressed the issue of whether state law precluding a survivor action under § 1983 is inconsistent with the purposes of § 1983, when the alleged constitutional violation is the cause of death. In *Van Orden*, the plaintiff died as a result of the constitutional violation alleged. The Court followed holdings from the Fifth, Seventh, and Tenth circuits, and held that, when the alleged constitutional violation is the cause of death, Idaho's lack of a survivor statute conflicts with Section 1983's purpose of providing a remedy for, and deterring constitutional violations, and therefore allowed the plaintiff's personal representative to proceed. *Van Orden*, 2011 WL 841438 *4. Following *Van Orden*, *Cusack* also allowed the decedent's claim to survive when the alleged deprivation of federal rights were what allegedly caused the plaintiff's

---

[1] Plaintiffs do not discuss either the limitation of the statute to causes of action for personal injury or property damage, or the requirement that the action be prosecuted in the name of the personal representative or the decedent's successors.

[2] Neither case considered the application of Idaho Code § 5-327(2), and cited to earlier Idaho case law preceding the amendment to Idaho Code § 5-327 adding subsection 2. *See Van Orden*, 2011 WL 841438 *2 (citing *Evans v. Twin Falls Cy.,* 796 P.2d 97 (Idaho 1990)).

**ORDER - 6**

death, and further held that damages were not limited by the plaintiff's death. *Cusack*, 2012 WL 506008 *9.

*Van Orden* and *Cusack* are distinguishable, however, from the facts in this case. Plaintiffs concede Mr. Luther's death earlier this year is unrelated to the alleged FHA violations based upon discriminatory conduct, which occurred in 2005. The United States Supreme Court in *Robertson v. Wegmann*, 436 U.S. 584, 592 (1978), commented that it was "difficult to see how any of § 1983's policies would be undermined if [plaintiff's] action were to abate. The goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate." In other words, if the death is not caused by the constitutional violation, the application of state law abating an action upon the death of the plaintiff does not conflict with the policies underlying the civil rights action. "A state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation." *Robertson*, 436 U.S. at 593. *See also Badia v. City of Casa Grande*, 988 P.2d 134, 140 (Ariz. Ct. App. 1999) (holding that the plaintiff's cause of action did not survive the plaintiff's death when it was not caused by the alleged constitutional violation, and distinguishing case law holding the contrary when the death was caused by the constitutional violation). However, the circumstances likely to result in death from an FHA violation alleging discriminatory conduct related to housing are rare, and therefore the Court finds the application of a causal connection between the FHA

**ORDER - 7**

violation and the plaintiff's death inapposite for determining whether the plaintiff's cause of action survives.[3]

Plaintiffs argue that the FHA is generally broader than Section 1983, because an action for unlawful discrimination under the FHA can be brought by any "person" against any "person" or entity who unlawfully discriminates against a protected class of persons. *See* 42 U.S.C. §§ 3602(d) and (n). Thus, Plaintiffs argue that, because an organization may sue and assert the rights of others, the abatement of Mr. Luther's action upon his death would conflict with the policies underlying an FHA claim, which provides broad remedial remedies. The FHA is designed to deter unlawful discriminatory conduct with respect to housing and provide compensation to those injured, *Robertson*, 436 U.S. at 590—92, and therefore Plaintiffs argue that abatement of Mr. Luther's actions would conflict with that goal.

However, it is still the rule that, under the FHA, the plaintiff must suffer "actual injury as a result of the defendant's conduct" before he may prove that the rights of another were infringed. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 103 n.9 (1979). In other words, the plaintiff must be injured by conduct that violates someone's rights, and only then will he be entitled to seek redress for that harm. *Id.*[4] It is still a personal cause of action. Idaho law is well settled that the common law rule of non-survival of causes of action applies when the victim dies before recovery. *Evans v. Twin*

---

[3] Only one possible scenario comes to mind---that of an individual forced on the street due to an FHA violation, who suffered from exposure or other harm. But facts such as those are not before the Court.

[4] The FHA defines "aggrieved person" as any person who "claims to have been injured by a discriminatory housing practice," or "believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). "Aggrieved persons" may commence a civil action. 42 U.S.C. § 3613.

**ORDER - 8**

*Falls County*, 796 P.2d 87, 92, 94 (Idaho 1990). And state law is not inconsistent with federal law simply because it causes a plaintiff to lose on his claim. *Robertson*, 436 U.S. at 594. *Robertson* further concluded that the "goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who merely survives as the executor of the deceased's estate." 436 U.S. at 592.

The Court can discern no reason to depart from these settled principles in this case, and therefore concludes that Mr. Luther's cause of action under the FHA abated upon his death.[5]

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion to Substitute (Dkt. 348) is **DENIED**.

Dated: **August 24, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

---

[5] The Court's order makes no ruling regarding whether the facts and circumstances surrounding Mr. Luther's FHA claim may be relevant to the claims of other Plaintiffs, such as Community House, Inc. The issue is not before the Court.

**ORDER - 9**