UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMMUNITY HOUSE, INC., MARLENE SMITH, and JAY BANTA,<br><br>                Plaintiffs,<br><br>v.<br><br>CITY OF BOISE, IDAHO; and JIM BIRDSALL and BRUCE CHATTERTON, in their official capacities,<br><br>                Defendants. | Case No. 1:05-cv-00283-CWD<br><br>**JURY INSTRUCTIONS** |

Dated: **September 12, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 2

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

You should decide the case as to each plaintiff and the defendants separately. Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

      1.     the sworn testimony of any witness;

      2.     the exhibits which are received into evidence; and

      3.     any facts to which the lawyers have agreed.

INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you again:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 6

Some evidence may have been admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not have tried to guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

INSTRUCTION NO. 10

The evidence that a witness testified falsely or on a prior occasion said or did something inconsistent with the witness's testimony at trial may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

INSTRUCTION NO. 11

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 12

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Likewise, a governmental entity, including a city, is also entitled to the same fair and conscientious consideration by you as any party.

INSTRUCTION NO. 13

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Likewise, under the law, a governmental entity, including a city, is considered to be a person. It can act only through its employees, agents, directors, or officers. Therefore, a governmental entity is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

An agent is a person who performs services for another under express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other is called a principal. For purposes of this lawsuit, city of Boise employees are agents of the City of Boise.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

INSTRUCTION NO. 14

In these instructions, when I refer to the "Shelter," I am referring to the building and lot located on the northwest corner of River and 13th streets in Boise, Idaho.  The Shelter was formerly called "Community House."

INSTRUCTION NO. 15

In these instructions, when I refer to the "City of Boise," I am referring generally to all of the defendants, which include the City of Boise, the City Council, and City Employees Bruce Chatterton and Jim Birdsall, who are sued in their official capacities as city employees.

INSTRUCTION NO. 16

The Plaintiffs have asserted two types of claims in this case.  There are claims brought under the Fair Housing Act, and there are constitutional claims brought under both the United States and Idaho State Constitutions.  I will instruct you first regarding the law on the claims asserted under the Fair Housing Act, and next regarding the Constitutional claims.

INSTRUCTION NO. 17

The plaintiffs bring claims against the defendants under the Fair Housing Act.  In general, the Fair Housing Act makes it unlawful to discriminate in the sale or rental of housing, or to otherwise make unavailable or deny housing, because of gender, familial status or disabilities of a person intending or wishing to reside in that housing.  The Fair Housing Act applies in this case, because at least part of the Shelter was occupied as, or designed or intended for occupancy as, a residence by one or more families, and qualifies as a dwelling, during the time the City of Boise owned the building.

I will instruct you on the elements that the plaintiffs must prove to establish discrimination under the Fair Housing Act.

INSTRUCTION NO. 18

One of the plaintiffs in this case, Community House, Inc., is a nonprofit organization.  Such an organization is permitted to sue under the Fair Housing Act on its own behalf for injuries or damages it sustained as a result of any discriminatory housing practices, and for injury to its ability to carry out its efforts to assure equal access to housing and to eliminate housing discrimination.

## INSTRUCTION NO. 19

Under the Fair Housing Act, certain definitions apply. As used in these instructions, the following terms are defined as follows:

1)      "Family" includes a single individual. "Familial status" means one or more individuals under the age of 18 years who is domiciled with (a) a parent or other person having legal custody of such individual or individuals; or (b) the designee of such parent or other person having custody.

2)      "To rent" includes to lease, to sublease, to let and otherwise to grant for a consideration the right to occupy premises not owned by the occupant.

3)      "Handicap" or "Disability" means, with respect to a person--

(a) a physical or mental impairment which substantially limits one or more of such person's major life activities, such as walking, seeing, hearing, speaking, breathing, learning, working, or caring for oneself;

(b) a record of having such an impairment; or

(c) being regarded as having such an impairment.

INSTRUCTION NO. 20

All of the plaintiffs claim that the City of Boise made a statement indicating an intention to make preference or limitation based on gender or familial status. The Fair Housing Act makes it unlawful to make, print, or publish, or cause to be made, printed or published, any statement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on gender or familial status, or an intention to make any such preference, limitation or discrimination.

The Court has found that Ordinance 6404 (Exhibit 333) was such a statement and was unlawful under the Fair Housing Act. Therefore, the plaintiffs have proven the elements of this claim and you must find in favor of the plaintiffs on this claim. I will instruct you in later instructions regarding damages you may award the plaintiffs on this claim.

INSTRUCTION NO. 21

All of the plaintiffs claim that the defendants denied housing, or made it unavailable, or discriminated in the provision of facilities or services to individuals because of their gender or familial status.  The Fair Housing Act makes it unlawful to make unavailable or deny a dwelling to any person because of gender or familial status, or to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with the sale or rental of a dwelling, because of gender or familial status.

To prove their claim that the defendants discriminated against the plaintiffs in violation of the Fair Housing Act, the plaintiffs must prove by a preponderance of the evidence:

(1)     That females or males, or individuals living with their children, were subjected to explicitly differential, or discriminatory, treatment.

The plaintiffs are not required to prove that any of the defendants intended to discriminate on the basis of gender or familial status, or had a potentially discriminatory motive.  If the plaintiffs prove by a preponderance of the evidence that any of the defendants explicitly excluded individuals based on gender or familial status in connection with the Shelter, then you must consider whether the defendants have established their affirmative defense, as set forth in Instruction 23.

INSTRUCTION NO. 22

All of the plaintiffs claim that the City of Boise discriminated in the terms of a residential real estate-related transaction because of gender and familial status. The Fair Housing Act makes it unlawful for any person whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction in the terms and conditions of a transaction because of gender or familial status.

The term "residential real estate-related transaction" includes providing financial assistance for purchasing, constructing, improving, repairing, or maintaining a dwelling; or the selling of residential real property.

The term "persons in the business of selling or renting dwellings" means any person who is the owner of any dwelling designed or intended for occupancy by, five or more families. The term "person" includes individuals, corporations, or other entities.

To prove their claim that the City of Boise discriminated in the terms and conditions of a residential real estate transaction in violation of the Fair Housing Act, the plaintiffs must prove by a preponderance of the evidence that:

(1)    the City of Boise's business includes engaging in residential real estate-related transactions;

(2)     the City of Boise discriminated against plaintiffs in the provision of

such services because of gender or familial status.

The plaintiffs are not required to prove that any of the defendants intended to discriminate on the basis of gender or familial status, or had a potentially discriminatory motive.  If the plaintiffs prove by a preponderance of the evidence that any of the defendants explicitly excluded individuals based on gender or familial status in connection with the Shelter, then you must consider whether the defendants have established their affirmative defense, as set forth in Instruction 23.

INSTRUCTION NO. 23

Defendants have asserted an affirmative defense to Plaintiffs' claims that females or males, or individuals living with their children, were subjected to explicitly differential, or discriminatory, treatment. Defendants assert that the restrictions the City of Boise allowed the Boise Rescue Mission to utilize during its lease that were based upon gender or familial status were justified.

For the discrimination to be justified, the defendants have the burden of proving by a preponderance of the evidence that the restriction benefited the protected class, in this instance the women and families.

If you find that the defendants have not proven this, your verdict must be for the plaintiffs on their discrimination claims.

INSTRUCTION NO. 24

The individual plaintiffs, Jay Banta and Marlene Smith, claim that the defendants failed to reasonably accommodate them, as required by the Fair Housing Act.

The Fair Housing Act makes it unlawful to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford disabled persons equal opportunity to use and enjoy a dwelling.

To prove their claim that the defendants failed to make a reasonable accommodation in violation of the Fair Housing Act, an individual plaintiff must prove by a preponderance of the evidence each of the following elements:

(1)     That he or she suffers from a disability as defined by the Fair Housing Act. This element is not disputed;

(2)     That the City of Boise knew or reasonably should be expected to know that the individual was disabled;

(3)     That an accommodation may be necessary to afford the individual an equal opportunity to use and enjoy the dwelling;

(4)     That the individual requested an accommodation;

(5)     That the requested accommodation was reasonable; and

(6)     That the City of Boise refused to make the requested accommodation.

INSTRUCTION NO. 25

In determining whether each individual plaintiff requested an accommodation from the City of Boise, you are instructed that such a request need not be made in any particular form or at any particular time. However, it must have been made under such circumstances that (1) it was clear to the City of Boise that each of the individual plaintiffs was requesting an accommodation, and (2) the city of Boise had an opportunity to meaningfully review the request to determine whether it was reasonable.

INSTRUCTION NO. 26

A request for reasonable accommodation may be denied if:

(1) the request was not made by or on behalf of a person with a disability;

(2) there is no disability related need for the accommodation; or

(3) providing the accommodation is not reasonable.

It is the City of Boise's burden to prove by a preponderance of the evidence that the accommodation was not reasonable.

INSTRUCTION NO. 27

Plaintiff Community House, Inc. claims it was subject to retaliation by the City of Boise in violation of the Fair Housing Act.  The Fair Housing Act makes it unlawful for the City of Boise to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act.

To prove its claim that the Defendants interfered with Community House, Inc., in violation of the Fair Housing Act, Plaintiff Community House, Inc. must prove by a preponderance of the evidence that:

(1) Community House Inc. engaged in an activity protected by the Fair Housing Act;

(2) Actions or conduct by the City of Boise coerced, intimidated, threatened or interfered with Community House Inc.'s exercise of a protected activity; and

(3) A causal link exists between the protected activity that Community House Inc. engaged in, and the coercive, intimidating, threatening, or interfering actions or conduct of the City of Boise.

Conduct made unlawful under this section includes, but is not limited to, the following:

(1) Coercing a person, either orally, in writing, or by other means, to deny or limit the benefits provided that person in connection with the sale or rental of a

dwelling or in connection with a residential real estate-related transaction because of sex, disability, or familial status.

(2) Threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the sex, disability, or familial status of such persons, or of visitors or associates of such persons.

(3) Threatening an employee or agent with dismissal or an adverse employment action, or taking such adverse employment action, for any effort to assist a person seeking access to the sale or rental of a dwelling or seeking access to any residential real estate-related transaction, because of the sex, disability, or familial status of that person or of any person associated with that person.

(4) Intimidating or threatening any person because that person is engaging in activities designed to make other persons aware of, or encouraging such other persons to exercise, rights granted or protected by this part.

or

(5) Retaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act.

INSTRUCTION NO. 28

Plaintiffs' claims under the Establishment Clause of the First Amendment to the United States Constitution are brought under a federal statute, 42 U.S.C. § 1983. To prevail on their constitutional claim against defendant City of Boise alleging liability based on the act of a final policymaker, the plaintiffs must prove by a preponderance of the evidence that the acts of the Boise City Council and Mayor of Boise deprived the plaintiffs of their particular rights under the  United States Constitution, as explained in later instructions.

Therefore, if you find that the plaintiffs have proven all the elements they are required to prove under Instructions 29 and 30, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove these elements, your verdict should be for the defendants.

INSTRUCTION NO. 29

The Establishment Clause of the First Amendment to the United States Constitution does not prohibit all government involvement with religion. It allows the government to provide aid or other benefits to a religious organization as long as the government action has (1) a secular purpose; and (2) the government action does not have the primary effect of advancing religion. Community House, Inc. does not contest that the lease and sale of Community House to the Boise Rescue Mission had a secular purpose, which was to provide shelter for the homeless. Therefore, you must decide whether any particular government action had the "primary effect" of advancing religion.

INSTRUCTION NO. 30

Government aid to a religious organization will fail the ''primary effect'' test if its principal or primary effect is the advancement of religion, or constitutes an impermissible endorsement of religion.

To determine whether government aid or other benefits have the effect of advancing religion or whether aid or other benefits constitute an impermissible endorsement of religion, you may consider (1) whether governmental aid or other benefits result in governmental indoctrination; or (2) whether the aid or other benefits creates excessive government entanglement with religion.

"Indoctrination" under the primary effect test requires Community House Inc. to show that (1) the Boise Rescue Mission's activities at the Shelter resulted in indoctrination, and (2) such indoctrination is attributable to the government. To "indoctrinate" means to instruct in a body of doctrine or principles; to imbue with a partisan or ideological point of view. Indoctrination is sometimes used synonymously with "inculcation." To "inculcate" is to impress something upon the mind of another by frequent instruction or repetition; to instill.

"Entanglement" involves comprehensive, discriminating, and continuing government surveillance of religion. There are three factors to be weighed in determining this type of excessive entanglement: (1) the character and purpose of the religious institution affected by the government action; (2) the nature of the

activity that the government mandates; and (3) the resulting relationship between

the government and the religious institution.

INSTRUCTION NO. 31

All plaintiffs claim that the City of Boise violated the Idaho State Constitution. In particular, plaintiffs claim that the City of Boise violated provisions of the Idaho State Constitution that prohibit cities from giving any preference, aid, or public money to support religious organizations or religious societies.

To prove its claim that the City of Boise violated the Idaho State Constitution, plaintiffs must prove by a preponderance of the evidence that:

1)      The City of Boise made an appropriation, or paid from any public fund or public monies, anything in aid of a religious society or for a religious purpose; or

2)      The City of Boise required a person to attend or support any ministry or place of worship, religious sect, or denomination; or

3)      The City of Boise gave a preference by law to any religious denomination or mode of worship.

INSTRUCTION NO. 32

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any of the plaintiffs on the plaintiffs' claims and find that the defendants have not proven their affirmative defenses, you must determine the plaintiffs' damages for each plaintiff you find for.  The plaintiffs have the burden of proving their damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants' wrongful conduct.  In determining the measure of damages, you should consider:

For the individual plaintiffs Jay Banta and Marlene Smith:

      1)     The nature and extent of each plaintiff's injuries;

      2)     The loss of enjoyment of life each plaintiff experienced;

      3)     The mental, physical, emotional pain and suffering each plaintiff experienced;

For plaintiff Community House, Inc.:

      1)     The reasonable value of business opportunities and revenue, less expenses, lost as a result of any retaliation or other violation of the Fair Housing Act you find and which are reasonably related in time to Community

House Inc.'s filing of the Fair Housing Act complaint in August of 2003 and events that occurred thereafter;

2)   An amount that will reasonably compensate for any loss of personal property or liquid assets other than the building itself, or the loss of use of any personal property, as a result of any retaliation or other violation of the Fair Housing Act.

3)   Past and future diversion of resources, including out-of-pocket expenses in the form of staff time and salaries spent as a result of any retaliation or other violation of the Fair Housing Act, and any other expenses that can be attributed to the drain on the organizations' resources related to any violation of the Fair Housing Act you find occurred.

4)   Frustration of mission, that is, what it will cost the organization to redress the harm done by the defendants to the community at large and to the organization's mission as a result of the retaliation or any other violation of the Fair Housing Act you find.

5)   If you find in favor of plaintiff Community House, Inc. on its Establishment Clause claim, the damages you may consider are the same type of damages described in items (3) and (4), above.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 33

You must not award compensatory damages more than once for the same injury. For example, if one of the plaintiffs prevails on two claims and establishes a dollar amount for its/his/her injuries, you must not award the plaintiff additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, ~~they~~ then you must compensate the plaintiff fully for all of its/his/her injuries.

INSTRUCTION NO. 34

The plaintiffs have a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that as to any plaintiff, the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

INSTRUCTION NO. 35

The law which applies to this case authorizes an award of nominal damages. If you find for a plaintiff, but you find that that plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

INSTRUCTION NO. 36

A verdict form has been prepared for you. The verdict form is attached to these instructions. Turn to it now and I will review it with you.

[*form of verdict read*].

You will take this Verdict Form with you to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the Verdict Form which sets forth the verdict upon which you agree. You will then advise the court that you are ready to return to the courtroom.

We will now hear the closing arguments of counsel, after which I will give you a few brief closing instructions.

✻ ✻ ✻ ✻ ✻ ✻

INSTRUCTION NO. 37

When you begin your deliberations, you should elect one member of the jury as your presiding juror, or foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 38

Remember, it is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I have given it to you. You must follow the law as I have given it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. You must not infer from these instructions or from anything I might have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be– that is entirely for you to decide.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 39

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Bailiff, Ms. Wallace, that you are ready to return to the courtroom.

INSTRUCTION NO. 40

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, Ms. Wallace, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

You will now retire to the jury room and your first duty will be to select your foreperson.  You may then start your deliberations.  The bailiff will shortly bring in the original exhibits admitted into evidence.

You may now go to begin your deliberations.